# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# DETROIT

**ADAM BONAREK**,

    Plaintiff

v

**AMERICAN EXPRESS,**
**EXPERIAN INFORMATION SOLUTIONS INC.,**
**TRANS UNION, LLC, and EQUIFAX INFORMATION**
**SERVICES, LLC.**

    Defendants.

Case No. 2:17-cv-10070
Hon.

_____/

John R. Badeen (P71014)
**XUEREB LAW GROUP PC**
Attorneys for Plaintiff
7752 N. Canton Center Road, Suite 110
Canton, MI  48187
(734) 455-2000
(734) 455-2013-fax
_____/

## COMPLAINT

There is no pending or resolved civil action arising out of the same transaction or occurrence alleged in the complaint.

    /s/ John R. Badeen
    John R. Badeen (P71014), Attorney for Plaintiff

Plaintiff, ADAM BONAREK, through his attorneys, XUEREB LAW GROUP PC, by John R. Badeen, for his Complaint against the defendants in this action, states:

## GENERAL ALLEGATIONS

1. Plaintiff, ADAM BONAREK ("Bonarek"), is an individual residing in the Township of Redford, Wayne County, Michigan.

2. Defendant, AMERICAN EXPRESS ("American Express"), is a corporation with its headquarters in New York, New York.

3. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is a credit reporting agency with its headquarters in Costa Mesa, California.

4. Defendant, TRANS UNION, LLC ("TransUnion"), is a credit reporting agency with its headquarters in Chicago, Illinois.

5. Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), is a credit reporting agency with its headquarters in Atlanta, Georgia.

6. Experian, TransUnion, and Equifax are referred to as "credit reporting agencies," collectively.

7. The amount in controversy is in excess of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars.

8. This suit further seeks declaratory judgment as to defendant American Express.

9. Jurisdiction and venue are therefore proper before this court.

## **FACTUAL ALLEGATIONS**

10. Plaintiff is the holder of an American Express credit card.

11. Falling upon hard times, he entered into a payment plan to catch up on a past due balance.

12. Bonarek successfully completed his payment plan with American Express.

13. However, American Express has reported the payments made under the agreement as late, and has reported that the account is in charge off or collections status.

14. Bonarek has disputed this erroneous reporting with the credit reporting agencies.

15. The credit reporting agencies have maintained the reporting, despite their obvious

2

inaccuracy.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA"- AMERICAN EXPRESS

16. The plaintiff realleges paragraphs 1 through 15 above as if fully restated here.

17. American Express published inaccurate and inconsistent information to Experian, Equifax and TransUnion ("American Express representation").

18. American Express violated the FCRA, section 1681s-2(a) by continuing to report the American Express representation within plaintiff's credit file with Experian, Equifax and TransUnion.

19. American Express violated the FCRA, section 1681s-2(a)(2) by failing to correct the inaccurate information after the dispute.

20. American Express violated the FCRA, 15 section 1681s-2(a)(5), by using an inaccurate date of delinquency.

21. American Express violated the FCRA, section 1681s-2(b) by failing to investigate and correct the inaccurate information as a result of Adam's dispute.

22. As a result of this conduct, action and inaction of American Express, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

23. American Express' conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, American Express is negligent entitling the plaintiff to recover actual damages under 15 U.S.C. 1681o, based upon American Express' duty to report accurately, breach of that duty, and plaintiff's damages suffered as a result.

24. The plaintiff is entitled to recover costs and attorney's fees from American Express in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

THEREFORE, plaintiff requests this court enter judgment in plaintiff's favor, along with statutory costs and attorney's fees wrongfully sustained.

### COUNT II - IMPROPER REPORTING VERIFICATION BY EXPERIAN, TRANSUNION AND EQUIFAX

25. The plaintiff realleges paragraphs 1 through 24 above as if fully restated here.

26. Experian, Equifax and TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the plaintiff.

27. As a result of the conduct, action and inaction of Experian, Equifax and TransUnion, the plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

28. Experian, Equifax and TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the plaintiff to recover under 15 U.S.C. 1681o, based on a duty to follow reasonable procedures, breach of that duty, and plaintiff's damages as a result..

29. The plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

30. Experian, Equifax and TransUnion violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the plaintiff's credit file after receiving actual notice of

such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to American Express; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

31. As a result of this conduct, action and inaction of Experian, Equifax and TransUnion, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

32. Experian, Equifax and TransUnion's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the plaintiff to recover actual damages under 15 U.S.C. 1681o.

33. The plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

THEREFORE, plaintiff requests this court enter judgment in plaintiff's favor, along with statutory costs and attorney's fees wrongfully sustained.

        Respectfully submitted,

        **XUEREB LAW GROUP PC**

        By: \_/s/ John R. Badeen_____
           John R. Badeen (P71014)
           Attorneys for plaintiff
           7752 N. Canton Center Rd.
           Suite 110
           Canton, Michigan 48187
           (734) 455-2000

Dated: January 10, 2017